IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Joseph A. Ozimok, Sr.,<br>                                    Debtor.<br><br>-----------------------------------------------------<br>Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of June 6, 2002 PFCA Home Equity Investment Trust 2003-IFC3, by PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, its attorney-in-fact,<br><br>                                  Creditor,<br>v.<br><br>Joseph A. Ozimok, Sr., Debtor, and Eric E. Bononi, Trustee,<br><br>                                Respondents. | Bankruptcy Case No. 21-21789-CMB<br><br>Chapter No. 7<br><br>Related to Doc. No. 1 |

## OBJECTION TO DEBTOR'S EXEMPTIONS

AND NOW, comes the Creditor, Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of June 6, 2002 PFCA Home Equity Investment Trust 2003-IFC3, by PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, its attorney-in-fact, by and through its counsel, Bradley A. King, Esquire, and sets forth the within Objection to Debtor's Exemptions, and in support thereof, avers:

1. Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of June 6, 2002 PFCA Home Equity Investment Trust 2003-IFC3, by PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, its attorney-in-fact,

1

hereinafter "Creditor," is a party in interest in the above referenced bankruptcy matter as it is a creditor of Joseph A. Ozimok, Sr., hereinafter "Debtor."

2. The Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on August 10, 2021.

3. The Creditor has filed Proof of Claim No. 1, identifying the Creditor's secured claim based upon the Creditor's Mortgage encumbering property of the Debtor located at 1014 Harvest Drive, Aliquippa, PA 15001, Pennsylvania.

4. The Debtor has improperly listed the Creditor's Claim as a non-priority unsecured claim, with a claim amount of $0.00, on Schedule E/F of Debtor's Bankruptcy Petition, despite the Creditor's recorded Mortgage, the pending legal action in the Court of Common Pleas of Beaver County, Pennsylvania to confirm the lien of the Mortgage as a first lien against the Debtor's property, and a pre-petition filing of a lis pendens against the property.

5. The Debtor has also improperly claimed a homestead exemption on Schedule C with respect to the Property in the amount of $307,766.00, based, in part, upon the Debtor's improper identification of the Creditor's claim as an unsecured claim with a claim amount of $0.00.

6. In exchange for the promises of the Debtor and his wife, Nicole M. Ozimok, to pledge the hereinafter described Property as collateral for their repayment of a purchase money loan and Mortgage, on or about November 29, 2002, the Debtor and his wife received a purchase money loan in the amount of $400,000.00 from Flagstar Bank, FSB, the Creditor's predecessor in interest, to provide funds to both the Debtor and his wife, Nicole M. Ozimok, to allow each of them to purchase and acquire ownership interests, held as tenants by the entireties, in the property and residence, hereinafter called "Property," located at 1014 Harvest Drive, Aliquippa, PA 15001, Pennsylvania.

7. As security for the repayment of the purchase money loan, the Debtor's wife, Nicole M. Ozimok, executed and delivered a Mortgage dated November 29, 2002, and recorded on December 2, 2002, in the Office of the Recorder of Deeds in and for Beaver County, Pennsylvania at Instrument Number 3147715, in the amount of $400,000.00 in favor of Flagstar Bank, FSB, Creditor's predecessor in interest, hereinafter called "Mortgage," with the intent to pledge the interests of both herself and Debtor in the Property, held as tenants by the entireties, as collateral therefor, as they promised. A copy of the Mortgage is attached hereto as Exhibit "A."

8. Both the Debtor and his wife, Nicole M. Ozimok, received and used the loan proceeds to pay the purchase price of $500,000.00 for the Property and to acquire both of their ownership interests in the Property, held as tenants by the entireties. A copy of the Deed by which the Debtor and his wife, Nicole M. Ozimok, acquired ownership interests, as tenants by the entireties, in the Property using the loan proceeds provided to them by the Creditor's predecessor in interest is attached hereto as Exhibit "B."

9. The Mortgage was then assigned to the Creditor herein through the Assignment of Mortgage dated February 24, 2012, and recorded on March 19, 2012 in the Office of the Recorder of Deeds in and for Beaver County, Pennsylvania at Instrument Number 3410456, a copy of which Assignment is attached hereto as Exhibit "C."

10. By reason of the "entireties presumption" under Pennsylvania law, Nicole Ozimok's execution of the Creditor's Mortgage pledged the Property and both spouses' interests, held as tenants by the entireties, in the Property as collateral for the Mortgage and the lien of such Mortgage encumbers the fee simple interest in the Property. *See* Deutsche Bank National Trust Company v. Evans, 421 B.R. 193 (W.D.Pa. 2009) (ruling that, under Pennsylvania law, the "entireties presumption" dictates that one spouse may act, without specific consent from the other

spouse, on behalf of both spouses when executing a Mortgage pledging both spouses' interests in property held as tenants by the entireties when the benefits received therefrom inure to the benefit of both spouses and the Trustee's "strong-arm" powers cannot overcome this presumption to avoid the lien of the Mortgage).

11. As a result, the Creditor's Mortgage encumbers the Ozimoks' interests in the Property and the Debtor would have to attempt to avoid the lien of the Mortgage by filing an adversary action to attempt to rebut the presumption.

12. The Mortgage is currently in default due to the failure of the Debtor and his wife to make monthly installment payments to Creditor, as required by the Mortgage, and for purposes of this Motion only, the total due and owing from the Debtor to the Creditor is $416,865.71. An itemized statement of current balance due is attached hereto as Exhibit "D."

13. For purposes of this Motion only, the total amount necessary to cure the default and reinstate the Mortgage is $314,587.21. An itemized statement of the default and the amount necessary to cure the same as of the date of this Motion is attached hereto as Exhibit "E."

14. For purposes of this Motion only, the total post-petition default on the Mortgage is $398,451.75. An itemized statement of the post-petition default is attached hereto as Exhibit "F."

15. In addition to the Creditor's Mortgage against the Property, on or about October 7, 2019, the Debtor and Nicole M. Ozimok, executed a mortgage in the amount of $200,000.00 in favor of Friendly Federal Credit Union, which was recorded on October 15, 2019 in the Office of the Recorder of Deeds in and for Beaver County, Pennsylvania at Instrument Number 3600445.

16. For purposes of this Motion only, the amount due and owing by the Debtor to Friendly Federal Credit Union on the above-referenced Friendly Federal Credit Union mortgage set forth on Schedule D is $192,234.00.

17. In addition to the Creditor's Mortgage and the above-referenced mortgage of Friendly Federal Credit Union encumbering the Property, the Commonwealth of Pennsylvania, Department of Revenue, holds an income tax lien against the Property in the amount of $23,356.12, plus interest and costs, which was filed on November 27, 2019 in the Court of Common Pleas of Beaver County, Pennsylvania at No. 2019-33239.

18. For purposes of this Motion only, Schedule A/B lists the value of the Property as $500,000.00.

19. Creditor believes and therefore avers that the Debtor has no equity in the Property.

20. On or about March 29, 2021, the Creditor commenced an action in the Beaver County Court of Common Pleas at No. 10425 of 2021 against the Debtor and others by entering a lis pendens against the Property and filing and serving a Writ of Summons, Complaint, and an Amended Complaint upon the Debtor, and others, seeking to affirm the validity of the Mortgage as a first lien against the full fee simple interest in the Property and the ownership interests of both Nicole M. Ozimok and her husband, the Debtor.

21. Due to the mortgage liens encumbering the Property, which are held by the Creditor and Friendly Federal Credit Union, and the outstanding balances on each of the aforesaid mortgages compared to the value of the Property stated in Debtor's Schedules, the Debtor has no equity in the Property and the aforesaid liens completely impair the exemption claimed by the Debtor under 11 U.S.C.A. § 522.

22. The Debtor has incorrectly and falsely listed the Creditor's claim as an unsecured claim with an amount of $0.00 in order to fabricate equity in the Property to allow Debtor to claim the exemption on Schedule C.

23. Although Debtor has not filed an adversary action to dispute the Creditor's Mortgage lien against the Property, Debtor incorrectly claims that the Creditor's Mortgage does not encumber the Property at all, despite the obvious applicability of the entireties presumption.

24. As a result, without first obtaining a judgment or verdict which invalidates or avoids the lien of the Creditor's Mortgage encumbering the Property as required by 11 U.S.C.A. § 522(c)(2), the Mortgage encumbers the Property, the Creditor has a valid secured claim in the Bankruptcy case, and the Debtor has no equity in the Property for which Debtor can claim an exemption.

25. Creditor, therefore, believes and avers that the Debtor has improperly claimed the exemption for the Property and Creditor requests that the Debtor's claim for the exemption should be disallowed and stricken.

WHEREFORE, the Creditor, Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of June 6, 2002 PFCA Home Equity Investment Trust 2003-IFC3, by PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, its attorney-in-fact, respectfully requests that this Honorable Court enter an order disallowing and striking the Debtor's claim of an exemption with respect to the Property and order such other and further relief as equity and law entitles Creditor to receive.

By: /s/ Bradley A. King
Bradley A. King, Esquire
PA ID No. 307090
114 North Maple Avenue
Greensburg, PA 15601
(724) 836-1500
(724) 836-1668
bking@kinglg.com
Counsel for Deutsche Bank National Trust
Company, as Trustee under Pooling and
Servicing Agreement dated as of June 6,
2002 PFCA Home Equity Investment Trust

2003-IFC3, by PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, its attorney-in-fact